IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAVON LAMONT LEACH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:20CV924 |
| | ) | 1:09CR356-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner was charged in an Indictment [Doc. #1] in this Court with a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Petitioner pled guilty and subsequently received a sentence of 54 months of imprisonment. Following service of his initial prison sentence, his release to supervision, and the revocation of his supervised release, Petitioner filed a Motion [Doc #58] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court struck that Motion as deficient, but allowed Petitioner to file an Amended Motion [Doc. #62]. The Government filed a Response [Doc. #65]. Petitioner was given Notice of his right to reply and received an extension of time to file a Reply, but ultimately failed to file any Reply. His Motion is now before the Court.

Claims

Petitioner's Motion sets out three claims for relief, all of which are versions of an argument that Petitioner's conviction is not proper following Rehaif v. United States, ___ U.S. ___, 139 S. Ct. 2191 (2019), because the Government failed to allege or prove the scienter

element of § 922(g)(1) as described in Rehaif and/or Petitioner did not have knowledge satisfying that element.

## Discussion

The Government first argues that Petitioner's Motion is out of time under the applicable statute of limitations found in 28 U.S.C. § 2255(f). This argument is well taken given that all of Petitioner's claims relate to Rehaif, the statute of limitations is one year, Petitioner filed his Motion more than eight years after his conviction became final and more than fifteen months after the decision in Rehaif, and Petitioner provides no explanation that would affect the statute of limitations or prevent its application to his case. Nevertheless, even considered on the merits' Petitioner's claims easily fail.

Under § 922(g)(1), any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" is prohibited from possessing firearms that have moved in commerce. According to Rehaif, "the Government must prove both that the Defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif 139 S. Ct. at 2200. There is no requirement that he also know that his possession is against the law.

Here, Petitioner was indicted, pled guilty, and was sentenced prior to the decision in Rehaif. Petitioner's claims necessarily hinge on the question of whether or not he knew that he had a prior conviction that carried a penalty of more than a year of imprisonment. After the filing of Petitioner's Motion, the United States Supreme Court decided Greer v. United States, ___ U.S. ___, 141 S. Ct. 2090 (2021), which involved two cases with similar claims under Rehaif that were raised for the first time on direct appeal and subject to plain error

analyses. To obtain relief in a plain error review, an appellant must show that an error occurred, that the error was plain, and that the error affected "substantial rights," which generally means that there must be "'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" Greer, 141 S. Ct. at 2096 (quoting Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904-05 (2018)). The Supreme Court noted in performing this analysis that "demonstrating prejudice under Rehaif 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" Id. at 2098 (quoting United States v. Lavalais, 960 F.3d 180, 184 (2020)). The Court therefore concluded that "a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." Id. at 2100. ("A Rehaif error in jury instructions is therefore not structural. And it follows that a Rehaif error in a plea colloquy is likewise not structural. The omission of that mens rea element from a plea colloquy—like the omission of that mens rea element from jury instructions—does not affect the entire framework within which the proceeding occurs."). Under Greer, a petitioner must show prejudice from any alleged error.

Further, the burden for a petitioner proceeding under § 2255 is even higher than for a defendant attempting to show plain error on direct appeal. See United States v. Frady, 456 U.S. 152, 166 (1982) (rejecting "use of the 'plain error' standard to review § 2255 motion" and stating "that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal"). Therefore, in light of the standard set out above in Greer, at a minimum to establish prejudice Petitioner would have to make a sufficient argument or

3

representation that he could have presented evidence that he did not know he was convicted of a crime punishable by more than a year of imprisonment. He fails to do so and, in fact, never clearly claims that he did not know he had a prior felony conviction at the time he possessed the firearm in question. Moreover, as set out in the Presentence Report in Petitioner's criminal case, he had previously been convicted in North Carolina of felony assault with a deadly weapon inflicting serious injury for which he received a sentence of 29 to 44 months of imprisonment, and he was on supervision for that conviction at the time of the present offense. (Presentence Report [Doc. #39], ¶¶ 26, 29.) Petitioner also, less than a year before committing the present offense, attended a program designed to notify felons of the penalties for possessing a firearm. (Id. ¶ 3.) Given these facts, Petitioner cannot credibly claim that he did not know he had been convicted of a crime carrying more than a year of imprisonment. In fact, although not required for his conviction, he clearly knew that he could not have a firearm in his possession. His claims fail and should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Amended Motion [Doc. #62] to vacate, set aside, or correct sentence be denied, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 6th day of November, 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge